# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASPER WEMH,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-13-0476 |
| v. : | |
| : | (Judge Caputo) |
| **JANET NAPOLITANO,** *ET AL.*, : | |
| : | |
| Respondents : | |

## M E M O R A N D U M

**I.   Introduction**

Jasper Wemh, a federal prisoner at the Allenwood Federal Correctional Institution (FCI-Allenwood), in White Deer, Pennsylvania, filed this action seeking an order compelling the United States Citizenship Immigration Services (USCIS) to grant his request for derivative citizenship pursuant to 8 U.S.C. § 1431.

For the reasons that follow, the Petition will be dismissed as the court is without jurisdiction to entertain his claims due to his pending administrative appeal.

**II.   Standard of Review**

Mandamus is an extraordinary remedy "and is appropriate only upon a showing of (1) a clear abuse of discretion or clear error of law; (2) a lack of an alternate avenue for adequate relief; and (3) a likelihood of irreparable injury." *U.S. v. Wright*, 776 F.3d 134, 146 (3d Cir. 2015). "In the instant case the alternative of a judicial declaration of nationality under 8 U.S.C. § 1503 is more than adequate to provide appellee all the relief

he has sought by mandamus." *Cartier v. Sec'y of State*, 506 F.2d 191 (D.C. Cir. 1974) (mandamus inappropriate when remedies available pursuant to 8 U.S.C. § 1503).

### III. Background

Jasper Wemh, was born out of wedlock in Liberia on December 14, 1984, to Alice Nuwolo and Victor Wemh. His father legitimated him under Liberian law on May 26, 1988. On July 9, 1988, he was admitted to the United States as a lawful permanent resident (LPR). At an early age Mr. Wemh was removed from his father's home and placed in foster care due to on-going mistreatment of him in the family home. Although Mr. Wemh returned to his father's home for an eighteen month period, he was again removed from the home due to continued abuse and taken into custody and placed in foster care by the State of Delaware until he turned eighteen. On October 4, 2001, when Mr. Wemh was seventeen years of age, his father became a naturalized United States citizen.

In December 2011, Mr. Wemh filed Form N-600, Application for Certificate of Citizenship, with USCIS, under the provisions of the Child Citizenship Act (CCA) of 2000, 8 U.S.C. §§ 1431, *et seq*. He claimed derivative citizenship through his father. A Notice of Intent to Deny was issued on February 2, 2012 explaining the reasons for the denial. Mr. Wemh failed to respond to this notice. On March 16, 2012, the USCIS issued a Notice of Decision denying Mr. Wemh's Application for Certificate of Citizenship. The Field Office Director denied Mr. Wemh's application because he could "not me[e]t the threshold requirement of showing that [his] father had legal and physical custody of [him] as of February 27, 2001". (Doc. 1, ECF p. 13.)

On April 13, 2012, Mr. Wemh filed a form I-290B, Notice of Appeal or Motion. When Mr. Wehm initiated this matter his appeal was still pending before the USCIS, Philadelphia Field Office.

Mr. Wemh seeks judicial review of the USCIS's determination on February 14, 2013. (Doc. 1.)  In April 2013, Mr. Wemh sought leave to amend his petition. (Doc. 8.) Although the court granted him leave to amend, no amendment was ever filed. (Doc. 12.) Mr. Wemh has not contacted the court since filing his petition for mandamus. Due to an administrative tracking error, this case has lay dormant until now.

**IV.    Discussion**

The Attorney General is vested with the sole authority to naturalize aliens. *See* 8 U.S.C. § 1421(a).  When an alien applies for citizenship, the USCIS conducts an investigation, examines the applicant, and makes a determination whether the application should be granted or denied.  *See* 8 U.S.C. § 1446.  If the application is denied, the applicant may file an appeal with the Administrative Appeals Office (AAO).  8 C.F.R. § 320.5(b).

An alien may obtain judicial review of his derivative citizenship claim in one of two ways.  The first begins by filing an application for certificate of citizenship with the Department of Homeland Security (DHS).  *See* 8 C.F.R. § 341.1.  If such an application is denied, an appeal may be filed with the Administrative Appeals Unit (AAU).  *Id*. § 332.5(b). If an appeal is denied by the AAU, then an applicant may be able to file an action in district court seeking declaratory judgment on his derivative citizenship claim.  *See* 8

U.S.C. § 1503(a); *see also Patino v. Chertoff*, 595 F.Supp.2d 310, 313 (S.D. N.Y. 2009) ("An alien may obtain district court review of the final denial of his application for a certificate of citizenship pursuant to 8 U.S.C. § 1503(a)".)  Section 1503 requires a final administrative denial before a declaratory judgment action may be instituted.  *United States v. Breyer*, 41 F.3d 884, 891 - 92 (3d Cir. 1994).

The second scenario in which judicial review of a derivative citizenship claim is appropriate only occurs "[w]here an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied" as part of such proceedings.  *Henriquez v. Ashcroft*, 269 F.Supp.2d 106, 108 (E.D. N.Y. 2003).  In this circumstance, review is properly sought "before the appropriate court of appeals, not a district court."  *Id*. (citing 8 U.S.C. § 1252(b)(5)).  Regardless of whether the claim for derivative citizenship is made following an application for a certificate of citizenship or in conjunction with removal proceedings, a petitioner must exhaust all available administrative remedies before a federal court has subject matter jurisdiction to review the claim.  *See* 8 U.S.C. §§ 1503(a) and 1252(b)-(d); *Henriquez*, 269 F.Supp.2d at 108.

Here, Mr. Wemh has not shown that he has exhausted the proper administrative remedies before filing this cause of action.  In fact, he pleads that it was not completed at the time of filing of his petition.  Likewise, he has not shown that deportation proceedings against him have begun, or that his citizenship application has reached finality.  Thus, the court is without jurisdiction to entertain Mr. Wemh's claims.

An appropriate Order follows.

                /s/ A. Richard Caputo
                A. RICHARD CAPUTO
                United States District Judge

Date:   October 29  , 2015